```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

NACHE AFRIKA,                                **DECISION AND ORDER**
                Petitioner,                  **No. 12-CV-0537MAT**

   -vs-

THE STATE OF NEW YORK

                Respondent.
_____

## I.   INTRODUCTION

Petitioner Nache Afrika ("Petitioner" or "Afrika") was convicted of Robbery in the First Degree (N.Y. Penal Law ("Penal Law") § 160.15[4]), Rape in the First Degree (Penal Law § 130.35[1]), and Sodomy in the First Degree (Penal Law § 130.50[1]). In a Decision and Order dated November 4, 2013, this Court denied Petitioner's application under 28 U.S.C. § 2254 for a writ of habeas corpus (Dkt. No. 21). As of the date of this Decision and Order, Petitioner has not filed a notice of appeal.

Petitioner filed the instant motion, pursuant to Rules 52(b), 60(b)(1),(6), and 62(b)(2),(4) of the Federal Rules of Civil Procedure, seeking "an amended decision and order, and/or an additional findings, and/or reconsideration, and stay, of the District Court's decision and order . . . and vacating such order and granting petition, or, at minimum, ordering an evidentiary hearing . . . ." Dkt. No. 23 at 1-2.

For the reasons set forth below, the motion is denied.

**II.  DISCUSSION**

    **A.   Afrika's Motion Pursuant to Rules 52(b)**

Under Rule 52(b), "[o]n a party's motion . . . the court may amend its findings-or make additional findings-and may amend the judgment accordingly."  Fed. R. Civ. P. 52(b). "A party moving pursuant to Rule 52(b) may seek to correct 'manifest errors of law or fact ...', or in some limited situations, to present newly discovered evidence." <u>Soberman v. Groff Studios Corp.</u>, 99-CIV-1005(DLC), 2000 U.S. Dist. LEXIS 12671, 2000 WL 1253211, at *1 (S.D.N.Y. Sept. 5, 2000) (citations omitted).

Here, Afrika disputes the Court's determination that his habeas claims lacked merit and he was not entitled to habeas relief.  Consequently, he attempts to substantively re-argue the following two habeas claims (claims one and three in the habeas petition): (1) that the trial court erred in granting the People's application to obtain a DNA sample from him and subsequently erred in failing to suppress the results obtained therefrom;  and, (2) that the evidence was legally insufficient at trial to support his conviction given his perceived weaknesses of the DNA evidence. <u>See</u> Dkt. No. 23 at 3.  The Court reviewed both of these claims and determined they lacked merit.  Dkt. No. 21 at 12-15, 17-19.

While Afrika makes it clear –- as he did in his habeas petition -- that he believes his constitutional rights were violated and he is entitled to habeas relief, he does not point to

anything in the record that undermines the factual findings or legal conclusions of the Court, nor has he pointed to any newly discovered evidence.

Accordingly, the Court finds no basis to amend the judgment, and Petitioner's motion pursuant to Rule 52(b) is denied.

**B.   Afrika's Motion Pursuant to Rule 60(b)**

"[R]elief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004). This means that the issues in Petitioner's motion must demonstrate that the Court overlooked significant matters that destroy the integrity of the habeas proceeding such that the court would have otherwise granted him habeas relief.

Petitioner has not pointed to any such issue, despite his conclusory statement to the contrary that the Court "fail[ed] to address two meritorious issues deliberately bypassed which otherwise would have compelled its grant of the instant habeas petition[.]" Dkt. No. 23 at 4. The two "meritorious issues" he claims that the Court "failed to address" and "deliberately bypassed" are, in sum and substance, claims one and three of the habeas petition, which the Court thoroughly reviewed under AEDPA's deferential standard of review and concluded lacked merit. Dkt. No. 21 at 12-15, 17-19.

Although Petitioner has couched his argument as a challenge to the integrity of the habeas proceeding, he, in substance, challenges the underlying conviction by arguing that the People "utilized constitutionally suppressed and inadmissible evidence" at his trial and that the manner in which the People's forensic serologist performed DNA testing was flawed. Dkt. No. 23 at 4.

Because Petitioner attempts to re-litigate the very same issues previously reviewed by this Court, the Court finds that his motion is beyond the scope of 60(b) and therefore denies it on this basis. Additionally, the Court finds that it would be a waste of judicial resources to treat the motion as a successive petition, given that the Court previously reviewed all of the claims in Afrika's habeas petition on the merits, and found that habeas relief was not warranted. See Harris v. United States, 367 F.3d 74, 82 (2d Cir. 2004) ("A Fed. R. Civ. P. 60(b)(6) motion to reopen a habeas proceeding that attacks the underlying criminal conviction but not the initial habeas proceeding must either be (1) treated as a second or successive habeas petition, or (2) denied as beyond the scope of Fed. R. Civ. P. 60(b).").

C. **Afrika's Motion Pursuant to Rule 62(b)**

Petitioner also moves for relief pursuant to Rule 62(b), which provides, in part, that a court has the discretion to stay execution or enforcement of a judgment pending disposition of a

motion made pursuant to Rule 52(b) or Rule 60. Fed. R. Civ. P. 62(b)(2),(4).

Rule 62, read in its entirety, reflects the federal policy of providing a judgment creditor with security during the pendency of an appeal. See Hebert v. Exxon Corp., 953 F.2d 936, 938 (5th Cir. 1993); NLRB v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988); Miami Int'l Realty Co. v. Paynter, 807 F.2d 871, 873 (10th Cir. 1986). Courts have traditionally restricted application of Rule 62 to stays to appeals from money judgments only. See Hebert, 953 F.2d at 938. Petitioner has not cited any case, nor is the Court aware of any, in which a court has applied 62(b) in the context of a judgment rendered in a federal habeas corpus proceeding.

Accordingly, the Court finds that Rule 62(b) is inapplicable, and denies Petitioner's motion pursuant thereto.

**III. CONCLUSION**

For the reasons stated above, Petitioner's motion (Dkt. No. 23) is denied in its entirety.

Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would

not be taken in good faith and therefore denies leave to appeal as a poor person.  <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   April 4, 2013
         Rochester, New York